The court
(Bay, Jojosoti, Tresevant, and Brevard, Justices/ absentibus Grit,ike,’ J. and Waties, J.)
were of opinion, that no other intention,- than that which was insisted' on for the plaintiffs, could be collected from the words of the will ¡ and that the most obvious sense of the Words “ in case cither of them should did minors, &c.” was,- that ail the estate before devised to’ the said daughters’,which should belong- to the one that should die in minority, should pass over to all the other children of the testator surviving at hef death, without any discrimination.’
The judgment wa3 ordered to be entered for the plaintifis.-
Note. — The Act of 1797, provides that where the intestate shall leave no lineat descendant, nor widow, or husband, but shall leave a father, or motlter, and brother, or sister, the estate shall be divided equally between them,. No difference is declared between the whole and half blood ;* and it is to be presumed tha’ the children -of brothers and sisters in such case would be entitled trf take by right of representation. The act of 1791 makes a distinction between the wholo and half blood, and prefers the former, .one degree to the latter in collateral successions; as where’ there are biothers and sisters ot the whole blood, or brother of sister, and no-father or mother, or lineal descendant, .but a widow, o'r husband, the whole blood excludes the half blood in such case, where they stand iii equal degree,’ from the succession:’ so shall the children of the whole blood, while any brother or sister of the whole blood remains alive : so also' if there be no widow or husband, because the act declares th'at the estate shall undergo a like distribution, in such case as where the widow is provided for. But if all the brothers and sisters of the .whole blood are dead, leaving a child, or children, each brother’s of sister’s child of the whole blood, shall divide’ equally with each' brother’ or sister” of the half blood. Qucere ?
The word “ issue” includes descendants m the mosl remote degrees. 3 T. R .373.

(Whether this construction of the Act of 1797, be the correct one, is oertainly questionable; but it could not have been the ground of the judgment of the court ill the foregoing case, which excludes the mother from the distribution. This could not have.been, if the pevsonaltv was distributable under' the Act Of 1797, as the property of the de .eased daughter. The judgment’ seems to recognize the validity of the limitation over ; and so does the opinion oí'the court, as far as it is stated The argument of , imohs, is most probably mis-reported, so far as it admits the limitation overt» have been void. It was unquestionably good ; for it was to take ’effect only in the event of the daughters dying under age, and was far within the limit allowed by the policy of the ’ Jaw as to perpetuities. Even a general failure of issue would probably have been controlled by the limitation to the “surviving children ” Hughes v. Say- or, 1 P. Wms. 534; the principle of which case is now very fully séltled and recognized. It is to be regretted, that we have not a more full report of the case -in the text)